IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

|  |  |
|---|---|
| ANTOR MEDIA CORPORATION, | |
| PLAINTIFF, | |
| v. | CIVIL ACTION NO. 2–05CV–186 LED |
| (1) NOKIA, INC., | |
| (2) UTSTARCOM PERSONAL COMMUNICATIONS, LLC, | JURY DEMANDED |
| (3) AUDIOVOX COMMUNICATIONS CORPORATION, | |
| (4) KYOCERA WIRELESS CORP., | |
| (5) SANYO NORTH AMERICA CORPORATION, | |
| (6) SHARP ELECTRONICS CORPORATION, | |
| (7) NEC AMERICA, INC., | |
| (8) RESEARCH IN MOTION CORPORATION, | |
| (9) VIRGIN MOBILE USA, LLC, | |
| (10) LG ELECTRONICS MOBILECOMM U.S.A., INC., | |
| (11) PALMONE, INC., AND | |
| (12) PANASONIC CORPORATION OF NORTH AMERICA, | |
| DEFENDANTS. | |

## DEFENDANT RESEARCH IN MOTION CORPORATION'S ORIGINAL ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendant Research In Motion Corporation ("RIM") files the following answer, affirmative defenses, and counterclaims in response to Plaintiff's Original Complaint for Patent Infringement.

## Answers to Plaintiff's Allegations of Patent Infringement

RIM answers the allegations in the separately numbered paragraphs of Plaintiff's Original Complaint for Patent Infringement as follows:

1.      RIM is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 1 and therefore denies same.

2.      RIM is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 2 and therefore denies same.

3.      RIM is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 3 and therefore denies same.

4.      RIM is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 4 and therefore denies same.

5.      RIM is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 5 and therefore denies same.

6.      RIM is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 6 and therefore denies same.

7.      RIM is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 7 and therefore denies same.

8.      RIM is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 8 and therefore denies same.

9.      RIM admits that it is a Delaware Corporation and that an agent for service of process for RIM is Corporation Service Company, 701 Brazos St., Suite 1050, Austin, Texas 78701.  RIM denies that it has a principal place of business at 25227 Grogan Mill Rd., Suite 125, The Woodlands, Texas 77380.

10.     RIM is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 10 and therefore denies same.

11.     RIM is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 11 and therefore denies same.

12.     RIM is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 12 and therefore denies same.

13.     RIM is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 13 and therefore denies same.

14.     RIM admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) over actions arising under the patent laws of the United States.  RIM further admits that it has sufficient contacts within the State of Texas and this judicial district to confer personal jurisdiction over RIM in this District without offending traditional notions of fair play and substantial justice.  RIM denies, however, that it has committed any of the actions that Antor Media Corporation ("Antor") alleges have given rise to this action.  RIM lacks knowledge or information sufficient to form a belief as to whether any of the defendants other than RIM have committed acts within the State of Texas and/or this judicial district that have given rise to this action, whether this Court has personal jurisdiction over any such defendants, and whether any such defendants have established minimum contacts with the forum such that the exercise of personal jurisdiction over such defendants would not offend traditional notions of fair play and substantial justice.  RIM otherwise denies the allegations of Paragraph 14.

15.     RIM lacks knowledge or information sufficient to form a belief as to whether Antor does business and/or maintains an office within this judicial district and therefore denies same.  RIM denies committing any acts in this judicial district that give rise to this action.  RIM

admits that it does business in this judicial district and that venue is proper in this district with regard to RIM pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400.   RIM lacks knowledge or information sufficient to form a belief as to whether any of the other defendants have committed acts within this judicial district that have given rise to this action, whether they do business in this district, and whether venue is proper in this district with regard to those defendants pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400.

16.     RIM admits that United States Patent No. 5,734,961 (the "'961 patent") is entitled "Method and Apparatus for Transmitting Information Recorded on Informational Storage Means from a Central Server to Subscribers via a High Data Rate Digital Communications Network," that it issued on March 31, 1998, and that a copy of the '961 patent was attached to the Original Complaint as Exhibit 1.  RIM denies that the '961 patent was "duly and legally issued."  RIM is without sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 16 and therefore denies same.

17.     With regard to any acts of RIM, RIM denies the allegations of Paragraph 17 of the Original Complaint.  Regarding any and all of the allegations in Paragraph 17 concerning the remainder of the Defendants, RIM is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 17 and therefore denies same.

18.     With regard to any acts of RIM, RIM denies the allegations of Paragraph 18 of the Original Complaint.  Regarding any and all of the allegations in Paragraph 18 concerning the remainder of the defendants, RIM is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 18 and therefore denies same.

19.     With regard to any acts of RIM, RIM denies the allegations of Paragraph 19 of the Original Complaint.  Regarding any and all of the allegations in Paragraph 19 concerning the

DM_US\8209947.v2

remainder of the defendants, RIM is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 19 and therefore denies same.

### Response to Plaintiff's Requested Relief

The allegations in the paragraph requesting relief are in the nature of prayer. Although no answer is required, RIM responds to the individual requests for relief as follows:

(a)     With respect to Plaintiff's allegations against RIM, RIM denies Plaintiff is entitled to the requested judgment on its claims against RIM and denies any and all liability for Plaintiff's claims. With respect to Plaintiff's allegations against any and all defendants other than RIM, RIM is without information sufficient to form a response and therefore denies same.

(b)     With respect to Plaintiff's allegations against RIM, RIM denies Plaintiff is entitled to the requested accounting on its claims against RIM and denies any and all liability for Plaintiff's claims. With respect to Plaintiff's allegations against any and all defendants other than RIM, RIM is without information sufficient to form a response and therefore denies same.

(c)     With respect to Plaintiff's allegations against RIM, RIM denies Plaintiff is entitled to the requested injunctive relief and denies any and all liability for Plaintiff's claims. With respect to Plaintiff's allegations against any and all defendants other than RIM, RIM is without information sufficient to form a response and therefore denies same.

(d)     With respect to Plaintiff's allegations against RIM, RIM denies Plaintiff is entitled to an award of damages for RIM's alleged patent infringement, denies Plaintiff is entitled to an award of prejudgment interest on such alleged damages, and denies any and all liability for Plaintiff's claims. With respect to Plaintiff's allegations against any and all defendants other than RIM, RIM is without information sufficient to form a response and therefore denies same.

(e)     With respect to Plaintiff's allegations against RIM, RIM denies Plaintiff is entitled to an award of enhanced damages and denies any and all liability for Plaintiff's claims. With respect to Plaintiff's allegations against any and all defendants other than RIM, RIM is without information sufficient to form a response and therefore denies same.

(f)     With respect to Plaintiff's allegations against RIM, RIM denies Plaintiff is entitled to recover its attorneys' fees and denies any and all liability for Plaintiff's claims. With respect to Plaintiff's allegations against any and all defendants other than RIM, RIM is without information sufficient to form a response and therefore denies same.

(g)     With respect to Plaintiff's allegations against RIM, RIM denies Plaintiff is entitled to recover its costs incurred in prosecuting its claims and denies any and all liability for Plaintiff's claims. With respect to Plaintiff's allegations against any and all defendants other than RIM, RIM is without information sufficient to form a response and therefore denies same.

(h)     With respect to Plaintiff's allegations against RIM, RIM denies any and all liability for the alleged conduct, denies that any relief sought by Plaintiff is warranted, and requests that Plaintiff's requested relief be denied. With respect to Plaintiff's allegations against any and all defendants other than RIM, RIM is without information sufficient to form a response and therefore denies same.

## Defenses and Affirmative Defenses

## Non-Infringement

1.     RIM has not infringed and does not infringe any of the claims of the '961 patent literally, under the doctrine of equivalents, directly, contributorily, by inducement, or in any other manner.

DM_US\8209947.v2

## Patent Invalidity

2.      The claims in the '961 patent are invalid for failing to comply with the conditions and requirements for patentability as set forth in the United States Patent Laws, Title 35 U.S.C., including specifically §§ 102, 103, and/or 112 and the rules, regulations, and laws pertaining thereto.

## Prosecution History Estoppel

3.      Because of proceedings in the United States Patent and Trademark Office ("USPTO") during the prosecution of the applications which resulted in the '961 patent, as shown by the prosecution history thereof, Plaintiff is estopped to claim a construction of the '961 patent that would cause any valid claim thereof to cover or include any of RIM's products that are or have been used or sold or offered for sale by RIM, either literally or under the doctrine of equivalents.

4.      Plaintiff is estopped by reason of prosecution history estoppel from asserting infringement of the '961 patent under the doctrine of equivalents.

## Inequitable Conduct

5.      Plaintiff's allegation of infringement of the '961 patent is barred because the '961 patent is unenforceable pursuant to 37 C.F.R. § 1.56 and the doctrine of inequitable conduct.

6.      Based on information and belief, prior to filing United States Patent Application No. 577,240 on December 22, 1995 ("the '240 application"), the application that ultimately issued as the '961 patent, the inventor and/or other individuals substantively involved in the preparation or prosecution of the '240 application (hereinafter collectively referred to as "the Applicant") were notified of an opposition filed in the European Patent Office ("EPO") by Philips Electronics N.V. ("the Philips Opposition") against counterpart European Patent No. 0

7

474 717 ("the European '717 patent"), which, like the '961 patent, claimed priority from French Patent Application No. 89-07759.

7.     The following prior art references cited by Philips during the Philips Opposition were also cited by the USPTO during the prosecution of the '240 application:  U.S. Patent No. 4,769,833 ("the '833 patent); U.S. Patent No. 4,766,581 ("the '581 patent"); U.S. Patent No. 4,506,387; and U.S. Patent No. 4,648,123.

8.     The following prior art references cited by Philips during the Philips Opposition were not considered by the USPTO during the prosecution of the '240 application:  U.S. Patent No. 4,521,806; German Patent No. 36 16 354; European Patent No. 0 118 936; K. Compann and P. Kramer, "The Philips 'VLP' System," Philips Tech. Rev. 33, No. 7, 177-80 (1973); and W. van den Bussche, A.H. Hoogendijk, and J.H. Wessels, "Signal Processing in the Philips 'VLP' System," Philips Tech Rev. 33, No. 7, 181-85 (1973) (collectively "the Philips prior art references not considered by the USPTO").

9.     Based on information and belief, prior to filing the '240 application on December 22, 1995, the Applicant was aware of the Philips prior art references not considered by the USPTO.

10.     During prosecution of the '240 application, the Applicant did not notify the USPTO of the Philips Opposition or the Philips prior art references not considered by the USPTO until filing an Information Disclosure Statement on February 16, 1997.

11.     The Applicant did not submit the February 16, 1997 Information Disclosure Statement to the USPTO until after the examiner who considered the '240 application ("the USPTO Examiner") issued a Notice of Allowance for claims of the '240 application on January 27, 1997.

DM_US\8209947.v2

12.     The Applicant did not submit to the USPTO the following documents during the prosecution of the '240 application: Philips' "Statement of Facts, Evidence, and Arguments" in support of its opposition dated November 15, 1994; Philips' reply in further support of its opposition dated December 1, 1995; and the EPO's provisional opinion dated October 9, 1996.

13.     The EPO's provisional opinion held that the European '717 patent should be revoked for failure to claim a patentable invention.

14.     The EPO's provisional opinion was highly material to the patentability of the subject matter claimed in the '240 application because it contained information that was inconsistent with and that refuted positions Applicant had taken in opposing an argument of unpatentability relied upon by the USPTO Examiner.

15.     The EPO – like the USPTO – had previously accepted the Applicant's position on two key references, the '833 patent and the '581 patent. Based on new information provided by Philips and on further review of these key references, however, the EPO changed its prior position and instead found that the Applicant's representation of these references was incorrect and that the claimed invention was not patentable over these key references.

16.     Accordingly, many of the statements made by Philips and the EPO during the Philips Opposition directly refute positions the Applicant took in opposing arguments of unpatentability relied upon by the USPTO, including the Applicant's representation of the subject matter disclosed in the '833 patent and the '581 patent.

17.     Furthermore, the Philips Opposition and the EPO's provisional opinion make a *prima facie* case that the '961 patent does not claim a patentable invention.

18.     The Applicant did not submit to the USPTO the certification pursuant to 37 C.F.R. §§ 1.97(d) and 1.97(e) or the fee pursuant to 37 C.F.R. §§ 1.97(d) and 1.17(i)(l) required

DM_US\8209947.v2

for the USPTO Examiner to consider the Information Disclosure Statement dated February 16, 1997.

19.     The Applicant knowingly could not properly include the certification pursuant to 37 C.F.R. §§ 1.97(d) and 1.97(e) on February 16, 1997, because the information contained in the Information Disclosure Statement was cited in a communication from a foreign patent office relating to a counterpart patent more than three months prior to February 16, 1997.

20.     As a result, pursuant to 37 C.F.R. § 1.97(i), the Information Disclosure Statement dated February 16, 1997 was placed of record in the file history but was not considered by the USPTO Examiner.

21.     On April 15, 1997, the USPTO provided the Applicant with notice that the required certification and fee had not been filed or paid and that, as such, the February 16, 1997 Information Disclosure Statement would not be considered by the USPTO Examiner.

22.     Despite receiving such notice from the USPTO, the Applicant continued to withhold the required certification and fee with the knowledge that the Information Disclosure Statement dated February 16, 1997 would not be considered by the USPTO Examiner.

23.     Upon information and belief, the Applicant deliberately withheld the required certification and fee from the USPTO with the knowledge that doing so would prevent the USPTO Examiner from reviewing the materials from the Philips Opposition that showed the EPO had rejected the same arguments the applicant was making in support of the issuance of the '961 patent.

24.     Upon information and belief, while withholding all information relating to the Philips Opposition from the USPTO, the Applicant cited to and relied upon the USPTO's

issuance of a Notice of Allowance of the application that issued as the '961 patent in order to support the patentability of the European '717 patent.

25.     The EPO issued its decision on the Philips Opposition on January 22, 1998, revoking the counterpart European '717 patent.   The EPO sent a copy of its decision ("the Philips Opposition Decision"), including a detailed explanation of the EPO's grounds for its decision, to Genese on January 30, 1998.   Genese is the assignee of record of the '961 patent and, upon information and belief, was founded by the inventor of record of the '961 patent.

26.     Statements made by the EPO in the Philips Opposition Decision refute positions the Applicant took in opposing arguments of unpatentability relied upon by the USPTO, including the Applicant's representation of the subject matter disclosed in the '833 patent and the '581 patent.

27.     The inventor of record of the '961 patent responded to the EPO on February 17, 1998 acknowledging his (and Genese's) receipt of the Philips Opposition Decision.

28.     The Applicant did not submit to the USPTO the Philips Opposition Decision and did not notify the USPTO that the EPO had revoked European Patent No. 0 474 717 prior to the granting of the '961 patent.

29.     The documents and filings from the Philips Opposition, including Philips' "Statement of Facts, Evidence, and Arguments" in support of its opposition dated November 15, 1994, Philips' reply in further support of its opposition dated December 1, 1995, the EPO's provisional opinion dated October 9, 1996, and the Philips Opposition Decision, as well as the Philips prior art references not considered by the USPTO, were material to the patentability of the '961 patent because this information refutes and/or is inconsistent with positions the Applicant took in opposing arguments of unpatentability relied upon by the USPTO, because this

information arguably establishes a *prima facie* case of unpatentability of the claims of the '961 patent, and because there is a substantial likelihood that a reasonable examiner would consider that information important in deciding whether to allow the '240 application to issue as a patent.

30.     The withholding of the documents and filings from the Philips Opposition was a violation of at least 35 C.F.R. § 1.56 and the Manual of Patent Examining Procedure §§ 2001.06(a) and 2001.06(c).

31.     Upon information and belief, the Applicant withheld the documents and filings from the Philips Opposition from the USPTO with knowledge of their materiality and with the intent to deceive the examiner into allowing the '961 patent.

32.     Accordingly, the '961 patent is unenforceable.

## Patent Misuse

33.     Plaintiff has attempted in bad faith and with an improper purpose to impermissibly broaden the physical or temporal scope of the rights granted under the '961 patent resulting in anticompetitive effect and, thus, the patent is unenforceable.

## Bad Faith

34.     Plaintiff has brought this suit in bad faith making it an exceptional case, thereby entitling RIM to its costs and attorneys fees pursuant to 35 U.S.C. § 285.

## No Irreparable Harm

35.     Plaintiff is not entitled to injunctive relief because any injury to Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy at law.

## Laches

36.     Plaintiff is barred from recovering any claimed damages for RIM's alleged patent infringement by the affirmative defense of laches.

WHEREFORE RIM prays that this Court dismiss Plaintiff's action and enter judgment that Plaintiff take nothing on its claims against RIM and award RIM its attorney's fees and costs of defending this action and such other and further relief as it may be entitled.

## COUNTERCLAIMS

### Parties

1.      Research In Motion Corporation is a corporation organized and existing under the laws of the State of Delaware with a principal place of business in Irving, Texas.

2.      Upon information and belief, Antor Media Corporation ("Antor") is a corporation organized and existing under the laws of the State of Texas, having a principal place of business located in Plano, Texas.  As Antor is the plaintiff in the above-captioned action, Antor may be served with a copy of this Counterclaim by serving this document in accordance with Rule 5 of the Federal Rules of Civil Procedure.

### Jurisdiction And Venue

3.      This Court has subject matter jurisdiction over RIM's counterclaims pursuant to 28 U.S.C. §§ 2201-2202, 1338 and 1331.  A real, immediate, and justiciable controversy exists between RIM and Antor.   The controversy relates to the invalidity, non-infringement, and unenforceability of the '961 patent.  Antor has accused RIM of infringing the '961 patent.

4.      Antor is subject to personal jurisdiction and venue in the Eastern District of Texas by virtue of its contacts with the State of Texas and this District in particular.  As the plaintiff in the above-captioned lawsuit, Antor has consented to jurisdiction and venue in this Court.

### Count 1:  Declaratory Judgment of Patent Invalidity

5.      RIM incorporates by reference each preceding allegation as though expressly stated herein.

13

6.     The claims in the '961 patent are invalid for failing to comply with the conditions and requirements for patentability as set forth in the United States Patent Laws, Title 35 U.S.C., including specifically §§ 102, 103, and/or 112 and the rules, regulations, and laws pertaining thereto.

7.     Accordingly, RIM seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202 that the '961 patent is invalid.

**Count 2:  Declaratory Judgment of Non-Infringement**

8.     RIM incorporates by reference each preceding allegation as though expressly stated herein.

9.     RIM's accused devices do not infringe any valid claim of the '961 patent.

10.     Accordingly, RIM seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202 that RIM's accused device does not infringe any valid claim of the '961 patent.

**Count 3:  Declaratory Judgment of Unenforceability of Patents**

11.     RIM incorporates by reference each preceding allegation as though expressly stated herein.

12.     Plaintiff's allegation of infringement of the '961 patent is barred because the '961 patent is unenforceable pursuant to 37 C.F.R. § 1.56 and the doctrine of inequitable conduct.

13.     Based on information and belief, prior to filing United States Patent Application No. 577,240 on December 22, 1995 ("the '240 application"), the application that ultimately issued as the '961 patent, the inventor and/or other individuals substantively involved in the preparation or prosecution of the '240 application (hereinafter collectively referred to as "the Applicant") were notified of an opposition filed in the European Patent Office ("EPO") by Philips Electronics N.V. ("the Philips Opposition") against counterpart European Patent No. 0

474 717 ("the European '717 patent"), which, like the '961 patent, claimed priority from French Patent Application No. 89-07759.

14.     The following prior art references cited by Philips during the Philips Opposition were also cited by the USPTO during the prosecution of the '240 application:  U.S. Patent No. 4,769,833 ("the '833 patent); U.S. Patent No. 4,766,581 ("the '581 patent"); U.S. Patent No. 4,506,387; and U.S. Patent No. 4,648,123.

15.     The following prior art references cited by Philips during the Philips Opposition were not considered by the USPTO during the prosecution of the '240 application:  U.S. Patent No. 4,521,806; German Patent No. 36 16 354; European Patent No. 0 118 936; K. Compann and P. Kramer, "The Philips 'VLP' System," Philips Tech. Rev. 33, No. 7, 177-80 (1973); and W. van den Bussche, A.H. Hoogendijk, and J.H. Wessels, "Signal Processing in the Philips 'VLP' System," Philips Tech Rev. 33, No. 7, 181-85 (1973) (collectively "the Philips prior art references not considered by the USPTO").

16.     Based on information and belief, prior to filing the '240 application on December 22, 1995, the Applicant was aware of the Philips prior art references not considered by the USPTO.

17.     During prosecution of the '240 application, the Applicant did not notify the USPTO of the Philips Opposition or the Philips prior art references not considered by the USPTO until filing an Information Disclosure Statement on February 16, 1997.

18.     The Applicant did not submit the February 16, 1997 Information Disclosure Statement to the USPTO until after the examiner who considered the '240 application ("the USPTO Examiner") issued a Notice of Allowance for claims of the '240 application on January 27, 1997.

DM_US\8209947.v2

19.    The Applicant did not submit to the USPTO the following documents during the prosecution of the '240 application: Philips' "Statement of Facts, Evidence, and Arguments" in support of its opposition dated November 15, 1994; Philips' reply in further support of its opposition dated December 1, 1995; and the EPO's provisional opinion dated October 9, 1996.

20.    The EPO's provisional opinion held that the European '717 patent should be revoked for failure to claim a patentable invention.

21.    The EPO's provisional opinion was highly material to the patentability of the subject matter claimed in the '240 application because it contained information that was inconsistent with and that refuted positions Applicant had taken in opposing an argument of unpatentability relied upon by the USPTO Examiner.

22.    The EPO – like the USPTO – had previously accepted the Applicant's position on two key references, the '833 patent and the '581 patent. Based on new information provided by Philips and on further review of these key references, however, the EPO changed its prior position and instead found that the Applicant's representation of these references was incorrect and that the claimed invention was not patentable over these key references.

23.    Accordingly, many of the statements made by Philips and the EPO during the Philips Opposition directly refute positions the Applicant took in opposing arguments of unpatentability relied upon by the USPTO, including the Applicant's representation of the subject matter disclosed in the '833 patent and the '581 patent.

24.    Furthermore, the Philips Opposition and the EPO's provisional opinion make a *prima facie* case that the '961 patent does not claim a patentable invention.

25.    The Applicant did not submit to the USPTO the certification pursuant to 37 C.F.R. §§ 1.97(d) and 1.97(e) or the fee pursuant to 37 C.F.R. §§ 1.97(d) and 1.17(i)(l) required

16

for the USPTO Examiner to consider the Information Disclosure Statement dated February 16, 1997.

26.     The Applicant knowingly could not properly include the certification pursuant to 37 C.F.R. §§ 1.97(d) and 1.97(e) on February 16, 1997, because the information contained in the Information Disclosure Statement was cited in a communication from a foreign patent office relating to a counterpart patent more than three months prior to February 16, 1997.

27.     As a result, pursuant to 37 C.F.R. § 1.97(i), the Information Disclosure Statement dated February 16, 1997 was placed of record in the file history but was not considered by the USPTO Examiner.

28.     On April 15, 1997, the USPTO provided the Applicant with notice that the required certification and fee had not been filed or paid and that, as such, the February 16, 1997 Information Disclosure Statement would not be considered by the USPTO Examiner.

29.     Despite receiving such notice from the USPTO, the Applicant continued to withhold the required certification and fee with the knowledge that the Information Disclosure Statement dated February 16, 1997 would not be considered by the USPTO Examiner.

30.     Upon information and belief, the Applicant deliberately withheld the required certification and fee from the USPTO with the knowledge that doing so would prevent the USPTO Examiner from reviewing the materials from the Philips Opposition that showed the EPO had rejected the same arguments the applicant was making in support of the issuance of the '961 patent.

31.     Upon information and belief, while withholding all information relating to the Philips Opposition from the USPTO, the Applicant cited to and relied upon the USPTO's

issuance of a Notice of Allowance of the application that issued as the '961 patent in order to support the patentability of the European '717 patent.

32.     The EPO issued its decision on the Philips Opposition on January 22, 1998, revoking the counterpart European '717 patent.  The EPO sent a copy of its decision ("the Philips Opposition Decision"), including a detailed explanation of the EPO's grounds for its decision, to Genese on January 30, 1998.  Genese is the assignee of record of the '961 patent and, upon information and belief, was founded by the inventor of record of the '961 patent.

33.     Statements made by the EPO in the Philips Opposition Decision refute positions the Applicant took in opposing arguments of unpatentability relied upon by the USPTO, including the Applicant's representation of the subject matter disclosed in the '833 patent and the '581 patent.

34.     The inventor of record of the '961 patent responded to the EPO on February 17, 1998 acknowledging his (and Genese's) receipt of the Philips Opposition Decision.

35.     The Applicant did not submit to the USPTO the Philips Opposition Decision and did not notify the USPTO that the EPO had revoked European Patent No. 0 474 717 prior to the granting of the '961 patent.

36.     The documents and filings from the Philips Opposition, including Philips' "Statement of Facts, Evidence, and Arguments" in support of its opposition dated November 15, 1994, Philips' reply in further support of its opposition dated December 1, 1995, the EPO's provisional opinion dated October 9, 1996, and the Philips Opposition Decision, as well as the Philips prior art references not considered by the USPTO, were material to the patentability of the '961 patent because this information refutes and/or is inconsistent with positions the Applicant took in opposing arguments of unpatentability relied upon by the USPTO, because this

18

information arguably establishes a *prima facie* case of unpatentability of the claims of the '961 patent, and because there is a substantial likelihood that a reasonable examiner would consider that information important in deciding whether to allow the '240 application to issue as a patent.

37.     The withholding of the documents and filings from the Philips Opposition was a violation of at least 35 C.F.R. § 1.56 and the Manual of Patent Examining Procedure §§ 2001.06(a) and 2001.06(c).

38.     Upon information and belief, the Applicant withheld the documents and filings from the Philips Opposition from the USPTO with knowledge of their materiality and with the intent to deceive the examiner into allowing the '961 patent.

39.     Accordingly, RIM seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202 that the '961 patent is unenforceable.

## Count 4:  Attorneys Fees and Costs

40.     RIM incorporates by reference each preceding allegation as though expressly stated herein.

41.     RIM is entitled to a declaration that this is an "exceptional" case within the meaning of 35 U.S.C. § 285, entitling RIM to an award of its reasonable and necessary attorneys' fees, expenses, and costs incurred in this action.

## JURY DEMAND

42.     RIM demands trial by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Defendant/Counter-Plaintiff Research In Motion Corporation prays for the following relief:

(a)     a declaration and judgment that U.S. Patent No. 5,734,961 is invalid;

(b)     a declaration and judgment that U.S. Patent No. 5,734,961 is not infringed by Research In Motion Corporation;

(c)     a declaration and judgment that U.S. Patent No. 5,734,961 is unenforceable;

(d)     a declaration and judgment that this case is exceptional within the meaning of 35 U.S.C. § 285;

(e)     an award of reasonable attorneys' fees and costs incurred by Research In Motion Corporation in this action; and

(f)     such other and further relief as this Court deems just and proper.


Dated:  July 13, 2005.

                                    Respectfully submitted,


                                    By: _____
                                        Peter J. Chassman, **Attorney-in-Charge**
                                        Texas Bar No. 00787233
                                        Email:  chassmanp@howrey.com
                                        HOWREY LLP
                                        750 Bering Drive
                                        Houston, Texas 77057
                                        Telephone:  (713) 787-1400
                                        Facsimile:  (713) 787-1440


                                        Henry C. Bunsow
                                        California State Bar No. 60707
                                        E-Mail:  bunsowh@howrey.com
                                        HOWREY LLP
                                        525 Market Street, Suite 3600
                                        San Francisco, California 94105
                                        Telephone:  (415) 848-4900
                                        Facsimile:  (415) 848-4999

                                    COUNSEL FOR DEFENDANT,
                                    RESEARCH IN MOTION CORPORATION


                                    20

OF COUNSEL:

Eric S. Schlichter
Texas Bar No. 24007994
Email: schlichtere@howrey.com
Tyler T. Van Houtan
Texas Bar No. 24033290
Email: vanhoutant@howrey.com
HOWREY LLP
750 Bering Drive
Houston, Texas 77057
Telephone:  (713) 787-1400
Facsimile:  (713) 787-1440

Robert C. Bunt
Texas Bar No. 00787165
Email: cbunt@hdbtyler.com
HOWARD, DAVIS & BUNT, P.C.
1200 First Place
100 E. Ferguson
Tyler, Texas 75702
Telephone:  (903) 533-9997
Telephone:  (903) 533-9997

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, the foregoing document was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule 5(e), all other counsel or record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the __13th__ day of July, 2005.

21